# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL ACTION NO. 3:10-CR-75 |
| v. | (JUDGE CAPUTO) |
| ANTHONY J. MUNCHAK | |
| Defendant. | |

## MEMORANDUM

Before the Court is defendant Anthony Munchak's motion for a new trial or arrest of judgment. A jury convicted Mr. Munchak in June for crimes stemming from his position as Lackawanna County Commissioner. Specifically, Mr. Munchak was found guilty of accepting money from local businesses to maintain contracts with the county. Munchak argues his motion should be granted because his conviction of both bribery and extortion under color of right was an inconsistent verdict. The Court finds the verdict was not inconsistent. Even if it were, it would not be a sufficient ground for granting a new trial or arrest of judgment. Therefore, the motion will be denied.

## BACKGROUND

Mr. Munchak was convicted in June of the following offenses: conspiracy to commit theft or bribery in violation of Title 18, United States Code, Section 371, (count 13); bribery in violation of Title 18, United States Code, Section 666(a)(1)(B) (counts 14 and 15); conspiracy to commit extortion under color of official right in violation of Title 18, United States Code Section 1951(a) (count 19); extortion under color of official right in violation of Title 18, United States Code, Section 1951(also known as the Hobbs Act) (counts 22 and 23); subscribing and filing a materially false tax return in violation of Title 26, United States

Code, Section 7206(1) (count 37); and, income tax evasion in violation of Title 26, United States Code, Section 7201 (count 40).  Following his conviction, Mr. Munchak filed a motion for a new trial or arrest of judgment.  He claims the jury's verdict finding him guilty of both bribery and extortion under color of right was an inconsistent verdict.

## DISCUSSION

The motion will be denied.

Under Federal Rule of Criminal Procedure 33: "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Under Fed. R. Crim. P. 34: "[u]pon the defendant's motion or on its own, the court must arrest judgment if: (1) the indictment or information does not charge an offense; or (2) the court does not have jurisdiction of the charged offense."  The United States Supreme Court has held that a jury verdict cannot be set aside solely on the ground of inconsistency. *United States v. Powell*, 469 U.S. 57 (1984).

Here, following *Powell*, an inconsistent verdict is an insufficient basis for granting a new trial.  Further, arrest of judgment is improper since Mr. Munchak has not argued the indictment did not charge an offense or that the Court did not have jurisdiction over the charged offenses.

But reliance on *Powell* is unnecessary because the verdict was not inconsistent.

> Courts addressing extortion by force or fear have occasionally said that extortion and bribery are mutually exclusive, (citation omitted); while that may be correct when the victim was intimidated into making a payment (extortion by force or fear), and did not offer it voluntarily (bribery), that does not lead to the conclusion that extortion under color of official right and bribery are mutually exclusive under either common law or the Hobbs Act. (citation omitted).

*Evans v. United States*, 504 U.S. 255, 268, n. 18 (1992).

2

Since extortion under color of right and bribery are not mutually exclusive, the jury's verdict was not contradictory or inconsistent.

## CONCLUSION

Munchak's motion for a new trial will be denied. The verdict was not inconsistent. Moreover, inconsistency itself is not a sufficient ground for a new trial. The motion for arrest of judgment will also be denied because the standards of Rule 34 have not been met. An appropriate order follows.

| | |
|---|---|
| 9/6/11 <br> Date | /s/ A. Richard Caputo <br> A. Richard Caputo <br> United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA,

CIVIL ACTION NO. 3:10-CR-75

v.

(JUDGE CAPUTO)

ANTHONY J. MUNCHAK

　　Defendant.

## ORDER

**NOW**, this ___6th___ day of August, 2011, **IT IS HEREBY ORDERED** that Defendant Munchak's motion for a new trial or for arrest of judgment (Doc. 170) is **DENIED**.

　　　　　　　　　　　　　　　　　　　　/s/ A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　United States District Judge